Randall D. Haimovici (*Pro Hac Vice Pending*)
rhaimovici@shb.com
Rachael M. Smith (*Pro Hac Vice Pending*)
rxsmith@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone:   415.544.1900
Facsimile:   415.391.0281

Tony M. Diab (Nevada State Bar No. 12954)
tdiab@shb.com
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone:   949.475.1500
Facsimile:   949.475.0016

Robert J.B. Flummerfelt (Nevada State Bar No. 11122)
rflummerfelt@hotmail.com
Rami Hernandez (Nevada State Bar No. 13146)
rhernandeznsj@hotmail.com
CANON LAW SERVICES, LLC
7251 W. Lake Mead Blvd., Suite 300
Las Vegas, Nevada  89128
Telephone:   702.562.4144
Facsimile:   702.866.9868

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NASER AL MUTAIRI, an individual;<br>MOHAMED BENABDELLAH, an individual;<br>VITALWERKS INTERNET SOLUTIONS,<br>LLC, d/b/a NO-IP.com; and DOES 1-500,<br><br>　　　　　Defendants. | Case No. 2:14-cv-00987-GMN-GWF<br><br>**FILED UNDER SEAL**<br><br>**[SECOND AMENDED *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION** |

Plaintiff Microsoft Corporation ("Microsoft") has filed a complaint for injunctive and other relief pursuant to: (1) the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (2) the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125); (3) Nevada's Unlawful Acts Regarding Computers and Information Services (N.R.S. § 205.4765); and the common law of (4) trespass to chattels, (5) conversion, and (6) negligence. Microsoft has moved *ex parte* for an emergency temporary restraining order and an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7-5.

## **FINDINGS**

The Court has considered the pleadings, declarations, exhibits, and memorandum filed in support of Microsoft's motion and finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties; the Complaint states a claim upon which relief may be granted against Defendants Mutairi, Benabdellah, and Does 1-500 ("Malware Defendants") under the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125), Nevada's Unlawful Acts Regarding Computers and Information Services (N.R.S. § 205.4765), and the common law of trespass to chattels, conversion, and negligence, and against Defendant Vitalwerks under the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125) and the common law of negligence.

2. There is good cause to believe that Malware Defendants have engaged in and are likely to engage in acts or practices that violate the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125), Nevada's Unlawful Acts Regarding Computers and Information Services (N.R.S. § 205.4765), and the common law of trespass to chattels, conversion, and negligence, and that Microsoft is, therefore, likely to prevail on the merits of this action.

3. There is good cause to believe that, unless the Malware Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from their ongoing violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the Anti-Cybersquatting

Consumer Protection Act (15 U.S.C. § 1125), Nevada's Unlawful Acts Regarding Computers and Information Services (N.R.S. § 205.4765), and the common law of trespass to chattels, conversion, and negligence. The evidence set forth in Microsoft's Brief in Support of Application for a Temporary Restraining Order and Order to Show Cause Regarding Injunctive Relief ("TRO Motion"), and the accompanying declarations and exhibits, demonstrates that Microsoft is likely to prevail on its claim that these Defendants have engaged in violations of the foregoing laws through one or more of the following:

<u>Defendants Mutairi and Benabdellah</u>:

a. Knowingly, willfully, and without authorization publishing and transferring malware to Doe Defendants;

<u>All Malware Defendants</u>:

b. Intentionally and knowingly accessing and sending malicious code to the protected computers and operating systems of Microsoft and its customers without authorization, in order to infect those computers and intending to cause damage and benefiting therefrom;

c. Sending malicious code to access the protected computers without authorization or in excess of any authorization to control and/or obtain information from the computers;

d. Delivering malicious code;

e. Using sub-domains containing Microsoft's protected marks; and

f. Negligently engaging in such acts and permitting, enabling and encouraging other defendants to participate in illegal acts harmful to Microsoft, Microsoft's customers, and the general public.

4. There is good cause to believe that Defendant Vitalwerks has engaged in and is likely to engage in acts or practices that violate the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125) and the common law of negligence, and that Microsoft is, therefore, likely to prevail on the merits of this action.

1    5.    There is good cause to believe that, unless the Defendant Vitalwerks is restrained and enjoined by Order of this Court, immediate and irreparable harm will result from its ongoing violations the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125) and the common law of negligence.  The evidence set forth in Microsoft's TRO Motion, and the accompanying declarations and exhibits, demonstrate that Microsoft is likely to prevail on its claim that this Defendant has engaged in violations of the foregoing laws through one or more of the following:

   a.    Leasing to Malware Defendants No-IP sub-domains containing Microsoft's protected marks; and

   b.    Negligently enabling Malware Defendants to participate in illegal acts, and failing to take sufficiently corrective action to stop and prevent the abuse of its services, all of which harms Microsoft, Microsoft's customers, and the general public.

6.    There is good cause to believe that if such conduct continues, irreparable harm will occur to Microsoft, its customers, and the public.  There is good cause to believe that the Malware Defendants will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.

7.    There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by Defendants of the Internet domains at issue in Microsoft's TRO Motion and other discoverable evidence of Defendants' misconduct available through such Internet domains if the Defendants receive advance notice of this action.  Based on the evidence cited in Microsoft's TRO Motion and accompanying declarations and exhibits, Microsoft is likely to be able to prove the following:

   a.    Defendants have engaged in activities that directly violate United States and Nevada law and harm Microsoft, its customers and the public;

   b.    Defendants have continued their unlawful and/or negligent conduct despite the clear injury to Microsoft, its customers, and the public;

        c.        Defendants are likely to relocate beyond the jurisdiction of U.S. courts the information and evidence of their misconduct stored at the Internet domains at issue in Microsoft's TRO Motion and the harmful and malicious code disseminated through these Internet domains;

        d.        Defendants are likely to warn its associates engaged in such activities if informed of Microsoft's action; and

        e.        Defendants have negligently allowed other defendants to use their business and resources for illegal activities.

8. Microsoft's request for this emergency *ex parte* relief is not the result of any lack of diligence on Microsoft's part, but instead based upon the nature of Defendants' unlawful conduct. Therefore, in accordance with Federal Rule of Civil Procedure 65(b) and Civil Local Rule 7-5, good cause and the interest of justice require that this Order be Granted without prior notice to Defendants, and accordingly, Microsoft is relieved of the duty to provide Defendants with prior notice of Microsoft's motion.

9. There is good cause to believe that Defendants have engaged in intentionally illegal and/or negligent activity using the No-IP domains that are maintained by the top level domain registries Verisign, Inc., Neustar, Inc., Aflias, Ltd., and Public Interest Registry ("Registry Operators").

10. There is good cause to believe that to immediately halt the injury caused by Defendants, it must be ordered as follows:

        a.        To immediately, on all authoritative name servers for the .COM, .NET, .ORG, .BIZ, and .INFO top level domains,[1] change the Domain Name System authoritative name servers for the No-IP second-level domains, listed in Appendix B, that are associated with the malware sub-domains ("Malware Sub-Domains"), listed in Appendix A, to "ns7.microsoftinternetsafety.net" and "ns8.microsoftinternetsafety.net," and remove all other authoritative name

---

[1] Microsoft has also identified No-IP domains ending in .ME that are associated with the malware. However, Malware Domains ending in .ME are expressly excluded from this Order because .ME is a global Top Level Domain that is controlled by the country of Montenegro.

servers for the domains listed in Appendix B.  The Registry Operators shall reasonably cooperate with Microsoft to implement this order through one or more of the foregoing changes, as may be necessary to effectuate the terms of this order;

    b.    To immediately take all steps required to propagate the foregoing change to the Domain Name System to all parts of the Domain Name System necessary to effect this change; and

    c.    To take all necessary steps to ensure that the foregoing changes remain in effect for the duration of this order.

11.    There is good cause to permit notice of the instant order, notice of the Preliminary Injunction hearing and service of the Complaint by formal and alternative means, given the exigency of the circumstances and the need for prompt relief.  The following means of service are authorized by law, satisfy Due Process and Federal Rule of Civil Procedure 4(f)(3), and are reasonably calculated to notify Defendants of the instant order, the Preliminary Injunction hearing and of this action:

    (1)    personal delivery on Defendant Vitalwerks at its business address in Nevada;

    (2)    transmission by e-mail, Facebook, and Skype on Defendants Mutairi and Benabdellah; and

    (3)    publishing notice on a publicly available Internet website.

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

**IT IS THEREFORE ORDERED** that, Malware Defendants and their representatives are temporarily restrained and enjoined from intentionally accessing and sending malicious software or code to Microsoft's and its customers' protected computers and operating systems, without authorization, in order to infect those computers with the Bladabindi/Jenxcus malware for illegal purposes.

**IT IS FURTHER ORDERED** that, Defendants and their representatives are temporarily restrained and enjoined from configuring, deploying, operating or otherwise participating in or facilitating the spread of Bladabindi/Jenxcus malware including, but not limited to the command-

and-control software hosted at and operating through the IP addresses at No-IP sub-domains set forth herein and through any other component or element of the malware scheme in any location.

**IT IS FURTHER ORDERED** that the Registry Operators must:

  a. To immediately, on all authoritative name servers for the .COM, .NET, .ORG, .BIZ, and .INFO top level domains, change the Domain Name System authoritative name servers for the No-IP second-level domains, listed in Appendix B, to "ns7.microsoftinternetsafety.net" and "ns8.microsoftinternetsafety.net," and remove all other authoritative name servers for the domains listed in Appendix B. The Registry Operators shall reasonably cooperate with Microsoft to implement this order through one or more of the foregoing changes, as may be necessary to effectuate the terms of this order;

  b. Immediately take all steps required to propagate the foregoing change to the Domain Name System to all parts of the Domain Name System necessary to effect this change;

  c. Take all necessary steps to ensure that the foregoing changes remain in effect for the duration of the order;

  d. Shall completely refrain from providing any notice or warning to, or communicating in any way with Defendants or Defendants' representatives and shall refrain from publicizing this Order until this Order is executed in full, except as necessary to propagate the changes ordered herein to all parts of the Domain Name System;

  e. Shall save all communications to or from Defendants or Defendants' Representatives and/or related to the domains and sub-domains set forth in Appendix A and Appendix B; and

  f. Shall preserve and retain all records and documents associated with Defendants' or Defendants' Representatives' use of or access to the domains and sub-domains set forth in Appendix A and Appendix B, including billing

1 and contact information relating to the Defendants or Defendants'
2 representatives using these servers and all logs associated with these servers.

3 **IT IS FURTHER ORDERED** that the authoritative name server set up and managed by
4 Microsoft to respond to requests for the IP addresses of the sub-domains of No-IP may respond to
5 requests for the IP address of any domain listed in Appendix B or later determined to be associated
6 with malware activity either by (1) giving no reply; or (2) replying with the address of a special
7 Microsoft "sink-hole" computer, which, when contacted, shall log the date and time of the request,
8 the IP address and related information from the requesting computer but otherwise not respond to the
9 request.

10 **IT IS FURTHER ORDERED** that copies of this Order, notice of the Preliminary Injunction
11 hearing and service of the Complaint may be served by any means authorized by law, including (1)
12 by personal delivery upon Defendants who provided contact information in the U.S.; (2) by
13 transmission by e-mail, Facebook, or Skype to the extent that there is no known postal address for
14 the Defendant; and (4) by publishing notice to Defendants on a publicly available Internet website
15 and/or in newspapers in the communities in which Defendants are believed to reside.

16 **IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b) that the
17 Defendants shall appear before this Court **on July 10, 2014, at 3:00 p.m., in LV Courtroom 7D** to
18 show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final
19 ruling on the Complaint against the Defendants, enjoining them from the conduct temporarily
20 restrained by the preceding provisions of this Order.

21 **IT IS FURTHER ORDERED** that Microsoft shall post bond in the amount of **$200,000.00**
22 to be paid to the Court Clerk.

23 **IT IS FURTHER ORDERED** that Microsoft shall effect service on Defendants no later
24 than **Tuesday, July 1, 2014.**

25 **IT IS FURTHER ORDERED** that the Defendants shall file with the Court and serve on
26 Microsoft's counsel any answering affidavits, pleadings, motions, expert reports or declarations
27 and/or legal memoranda no later than **Tuesday, July 8, 2014**. Microsoft may file responsive or
28 supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on

1  counsel for the Defendants no later than **12:00 NOON on Thursday, July 10, 2014**.  Provided that
2  service shall be performed by personal or overnight delivery, facsimile or electronic mail, and
3  documents shall be delivered so that they shall be received by the other parties no later than 4:00
4  p.m. (Pacific Daylight Time) on the appropriate dates listed in this paragraph.
5  **IT IS SO ORDERED**
6  Entered this _30_ day of June, 2014.            _____
7                                                  Gloria M. Navarro, Chief Judge
                                                   United States District Court